The next case before us today is 24-4075 Cooperstein v. Salt Lake City Corporation and somebody's going to tell me if it's Cooperstein or Cooperstine. Good morning, Your Honors, and may it please the Court, I am Michael Teeter on behalf of Plaintiff Appellant Ian Cooperstein, who challenges the district court's order dismissing his Fourth Amendment and ancillary claims against defendants. I'm going to interrupt you with a question that is, I think, overwhelming on this case is why shouldn't we dismiss this based on an incomplete appellate record that makes it impossible for us to do our job? The Tenth Circuit Rule 30.1d.2 requires that an appellant include within the appendix or record the materials regarding a motion to dismiss. Mr. Cooperstein designated the briefing underlying the motion to dismiss as part of his record and because of that, we believe it is properly before the court. In addition to that, Your Honor, the cases that the city has relied on to argue that the court should not consider the appeal are based on summary judgment or trial matters where an entire record is before the court and is ultimately trying to determine whether the evidence supported the court's findings. So let me ask you this question, building off of what Judge McHugh asked you. They're not in the record, right? I mean, let's assume they're not in the record. You mean the videos? The videos. Thank you. Let's assume the videos are not in the record. Is it your position that this court needs the videos in order to review the error you allege on appeal? No, I don't believe the court requires the videos. I do believe that the videos are part of the record. They were designated as part of the record as part of the briefing that underlined the motion to dismiss. I don't think they're part of the record, and so maybe we'll assume that going forward on the argument, unless one of my colleagues found them. So, how can we decide whether the videos are dispositive without viewing them? Well, the question on a motion to dismiss is whether or not the complaint has alleged facts that are sufficient to plausibly state a claim for relief. And Mr. Cooperstein's complaint did that. The officers engaged in a warrantless search under the complaint has alleged the officers being engaged in a warrantless search and seizure of Mr. Cooperstein's property without reasonable or probable cause. They operated under the threat of arrest, there were multiple officers present, and they spoke aggressively to him. Do you agree that the complaint incorporates the videos by reference? I mean, the complaint does incorporate the videos by reference, at least one, right? The complaint, I do not agree that the complaint incorporates the videos by reference. Does the complaint reference the videos? The complaint references the videos, but there are three exceptions. Well, one video, right? One video, yes. One video, the city never disclosed one video to Mr. Cooperstein. But did those come out in the litigation below? They came out in the motion to dismiss. This is the first time that Mr. Cooperstein was aware that there was one of the videos. Did you rely on both of the videos in the litigation? I'm sorry? Did you rely on the videos in the litigation? I was not counsel at the trial, but no, Mr. Cooperstein did not rely on both videos in his complaint, because he did not know. Not in the complaint. So the complaint references one video. Right. Your position, as I understand it, is even though the complaint references the video, it doesn't incorporate the video. That might be a legal question. So let's put a pin in that for a second. Notwithstanding that, during the litigation, the city attached the videos to its motion, right? And at that point, whoever was then representing your client did not object to that. In fact, also relied on those videos, and the district court so acknowledged. And so my question is, what do we do with all that in terms of addressing any objection that you might have on appeal that the videos were not properly considered by the district court? I think that if you get to that point, Your Honor, then you are going to consider the videos or consider at least whether or not the court was properly considering them and determine that they were, because there was no objection to them. At the same time, even when you rely on the videos, the court failed in relying on the correct legal standard in deciding this case. It used the videos. And when a court is allowed to use the videos, it happens when it is in an attempt to blatantly contradict the aspects of the complaint, the allegations in the complaint. And how can we determine whether it does or it doesn't without the videos? I mean, this is all circular, because no matter what standard you give us, we can't apply it without, for example, harmless error. So we know that one of the videos was referenced in the complaint. I think it's Officer Anderson's video. But the district court, when it issued its decision, relied on both Officer West's video and Officer Anderson's video for every single thing it said. But that would be harmless if there's no difference between them and if Officer Anderson's video supports everything the district court said. But I have no idea, because I can't look at the videos. If you take, which I think you can, the court's order and decision, and apply it in the way the court did, there's still error, which is to say, the court said that it was relying on the videos because it contradicted the allegations of the complaint. The key contradiction that the court cited was that Mr. Cooperstein alleged in his complaint that the officers refused to speak to him, and that the court then said that's contradicted by the videos where it's clear that the officers are engaging with Mr. Cooperstein. However, Mr. Cooperstein's complaint did not say, literally, that they refused to speak with him. I'm sorry to interrupt you, but I thought that you were making an additional argument that is different from whether the videos, in fact, blatantly contradict. I thought you were making an antecedent argument that the district court erred in even applying the blatantly contradicted standard, which comes from Scott v. Harris, which is a case that was on summary judgment, in the motion to dismiss context. Are you making that argument? I'm making both, but I'm answering the question, assuming that you're going to conclude that Mr. Cooperstein has waived that objection to relying on both videos. No, so I'm asking you, are you making an argument, forget the videos, the actual videos themselves, are you making an argument that the district court applied the wrong legal standard? In other words, that the standard that says you look to the videos to see if they blatantly contradict, that even applying that standard here was in error because we're at the motion to dismiss stage? Yes, because they do not blatantly contradict. I know it sounds circular, but the... How can we tell if it blatantly contradicts if we can't watch it? The order itself demonstrates the ways in which it believes the videos blatantly contradict. If you accept the court's view of what the video provides, which is not contested by the city or by Mr. Cooperstein, the contradiction itself is not manifested in the way that the court below found it to be. The contradiction requires the reading of the complaint that is not particularly plausible considering that Mr. Cooperstein specifically alleges what the officer said to him. So he was never alleging that the officers literally refused to speak to him. They were not getting his side of the story is what he said multiple times. The court took that to mean that he was, that they refused to speak to him and then relied on the videos as saying that those contradicted that allegation. Therefore, I can look to the videos to determine that there was not involuntary consent. But Mr. Cooperstein has alleged the requisite facts and a motion to dismiss stage to demonstrate a plausible claim of a Fourth Amendment violation. The word plausible does not appear in the court's order below other than when it cites the legal standard. It is engaging in a summary judgment review, determining which facts are contested and relying on the videos to then discount Mr. Cooperstein's complaint. Do you agree that the district court could invoke that standard at the motion to dismiss stage, the blatantly contradicted standard? There are cases that allow the district court to if the videos blatantly contradict. Yes, they are. They do so in footnotes that the court provided. The only case I think that's really substantively on point that the city discusses is the Sixth Amendment, excuse me, Sixth Circuit case, Bell. But the Sixth Circuit just recently in May of 2025 held a separate case, Hodges, refined what it was referring to in the Bell case and said that there has to be a direct blatant contradiction of the complaint in order to look to the videos and a motion to dismiss. Do you think it matters that we're here on qualified immunity and the Supreme Court has instructed the courts to resolve these cases as soon as is possible because otherwise they don't get the immunity from suit? It matters in the sense that that's what the court invoked, but the court didn't complete the qualified immunity analysis. It began and ended its qualified immunity analysis with simply whether or not there had been an alleged plausible claim for relief. It didn't go into whether or not there was a clearly established right. And so I don't think it actually substantively matters whether or not we're here on a qualified immunity determination. There's something that you said that I want to make sure I understood, and it goes to whether we should dismiss the appeal because you didn't perfect your record. Is it your view that to adjudicate this appeal, we can accept the district court's view of what the video showed? We should just accept what the district court understood the video to show as it recited in its order, spot the district court, the correctness of its view without our independent review of that, and from that position proceed to analyze the legal question? Yes, Your Honor. Do you have any authority for that? I do not, Your Honor. If the question is whether or not the court can review the district court's statements about the video, considering they're not contested by Mr. Cooperstein or the city, I believe that it is appropriate to do so. Let's say we do that. What are the factual disputes that you are contending that the district court improperly resolved? I guess my specific question is how are they relevant to the Fourth Amendment question? The factual dispute is really about the engagement with how the officers were speaking to Mr. Cooperstein, the tone that he was using, whether or not, which can't be displayed by the videos, whether or not they had their hands on a weapon, whether or not they had their hands on a taser. Because of that, those are elements that are necessary in supporting a claim under the Fourth Amendment. They were pleaded within the complaint. Just to clarify, the question of whether or not the officers had their hands on a gun was not pleaded in the complaint, but it's relevant to the analysis, and Mr. Cooperstein's complaint referred to the threats, the intimidating nature of their tone. Those are all elements that are relevant to the allegations. Let me ask you this. As I look at the record, it doesn't appear that Mr. Cooperstein made an argument below that the court had to convert this to a summary judgment or not look at the second video, not consider the second video. I don't see that that argument was made. Am I missing something? No, you're not missing anything. He did not make that argument. He did put in an affidavit that was stricken for the reason that the court was not converting it to a motion for summary judgment, but that was not an argument that he made. I'd like to reserve the remainder of my time, if possible. Thank you, Your Honors, and may it please the Court. My name is Catherine Nichols, Senior City Attorney representing defendants at Police Salt Lake City and Police Officers Jake Anderson and Logan West. As this Court has been discussing, there are a number of procedural issues here that really do preclude appellate review. The first is that the objection to the body cam was waived. It was never raised below, and on appeal it has now been forfeited because plain error was not raised in the opening brief. That means that the body cams were properly considered, which leads to the next issue, which the Court has also been discussing. There is no body cam in the record. In fact, the briefing on the motion to dismiss is not in the record, which precludes this Court from being able to conduct its own de novo review, which is the standard that this Court is obligated to apply. And so for those reasons alone, we think affirmance of the district court's decision is proper. I do want to address, if the Court was inclined to move to the merits, some of the issues that have been raised. Well, let me ask you this. With respect to Officer West's video, we don't have to watch that one to know it was improperly considered, do we? Well, it wasn't improperly considered because there was no objection raised. And so... Well, it was improperly considered, but it was waived. Correct, correct. And so you could decide this entire case, and I will admit I didn't realize that that was plaintiff's contention until we got on appeal because that issue wasn't raised below. But you could disregard Officer West's body cam because Officer Anderson, as the first officer on scene, his body cam records everything. So we've heard. Right. And the best evidence of that is the district court's opinion. Every single citation in the record from the district court's opinion has a citation to Officer Anderson's video. And Officer West's, both of them? Not every single one. Oh, okay. I thought they were tandem all the way through. Officer Anderson is the first one on scene, so his initial interactions with Ms. Williams are only captured on his video. And that's the video that plaintiff indisputably had, I think, almost two years before filing the complaint. Why shouldn't we do what the appellant urges here and spot all of the district court's findings with respect to what the video actually shows, and then proceed to the legal question from that point of departure? I don't think the court can do that because that's not a de novo review, and so I don't think that is the proper standard to apply on a motion to dismiss here before this court. If the court was inclined to do that, I think that plaintiff has made a number of legal errors in its argument, most notably about the qualified immunity standard and how it interacts with the motion to dismiss and summary judgment standards. It is undisputed this court has, on numerous occasions, applied qualified immunity at the motion to dismiss stage. And the Truman case we cited really explains the difference. It's the same qualified immunity standard. It's the same Fourth Amendment objective reasonableness standard. What's different on a motion to dismiss than a motion for summary judgment is what you consider. And so Truman says that it's a harder burden for defendants on a motion to dismiss because you have to accept as true the allegations of the complaint, and here that includes anything that was incorporated, the body cam videos. Whereas on a motion for summary judgment, of course, we would have the opportunity to put all of our additional evidence, and plaintiff could not rely merely on his allegations. But here, I want to talk about the blatantly contradicted standard because I think there's been a little bit of a diversion from how the body cam should be viewed here. On a motion to dismiss, the court considers the well-plaid allegations of the complaint and any materials properly incorporated or referenced. Here we have the body cam videos. And so the court views those in tandem. We have the allegations of the complaint. We have the videos. We don't disregard the videos except for where there's a blatant contradiction. We consider both. The blatant contradiction standard only comes up where there is a contradiction. And in that case, where the videos contradict the allegations of the complaint, then the video controls, that's Scott v. Harris, that we depicted in the light as shown by the videos, if there is a blatant contradiction. And that didn't happen a lot here, and part of the reason is that this is a little bit of an unusual body cam case. And again, I know the court hasn't had the benefit of watching them, but the body cams are very clear. It's not an excessive force case where there's a lot of jostling or it's at night or it's hard to see. Everything that happened in the encounter is very clear. And so there isn't a lot of contradiction between the body cams and the complaint. So we don't have the body cams. I wanted to ask you about when you were reciting through the sequencing of the inquiry and you got to the point where you said if there is a contradiction, that's when the court can consider whether the videos actually contradict the well-plead allegations. And you said we cited Scott v. Harris for that. That was a summary judgment case. So is there anything that should deter us from overlooking the fact that Scott v. Harris is on summary judgment? In other words, and maybe you can point us to, do we have authority where we have invoked that same standard but in the motion to dismiss context? I believe this court has. I don't have a citation for you today. But it is the same standard. What changes is what you're comparing it to. On summary judgment, you're comparing it to evidence. Plaintiffs can't rest on their allegations. They would have the burden to come forward with evidence. And so you would look at whether the videos or the photographic, whatever, documentary evidence, whether that blatantly contradicts the evidence. It's the same thing on a motion to dismiss. You're just comparing allegations instead of evidence. And so it is the same standard that can and should be applied. We do. We have unpublished cases in the motion to dismiss context, don't we? Correct. Yes. There are unpublished cases in which this court has considered body cam evidence at the motion to dismiss stage. Numerous sister courts, we cited several of them, have done the same. The Bell cases from the Sixth Circuit, I think, does a really nice job of explaining why. Are you aware of any contrary authority? No. I'm not aware of any contrary authority and plaintiff has not cited any. I don't believe plaintiffs cited in their brief any cases in which evidence, in which body cams were excluded. And the reason, of course, going back to what Judge McHugh pointed out earlier, is the Supreme Court's mandate to dismiss qualified immunity cases or to decide the issue, at least at the earliest possible stage. And so where we have the body cam videos, where the plaintiff on the other side clearly had them as well, it makes no sense to turn away from them, to close our eyes to what's in those videos in deciding the qualified immunity analysis. I do also want to note one issue that I think Judge Rossman, you had raised about what are the disputes of fact? What are, even if we were to consider the four corners of the district court's decision alone, which again, I think is improper, but if we were, was there anything wrong with that? And plaintiff has not pointed to any disputes of fact that the district court resolved, not in plaintiff's favor, and that are material to the qualified immunity decision, that are material to the Fourth Amendment objective reasonableness standard. On page 24 of his opening brief, he cites a handful of facts that he says are sufficient to have stated a claim. And he says that he alleged that the officer searched his property and seized his property without probable cause, a warrant, and under threat of arrest. That's a legal conclusion that the court is not obligated and indeed cannot credit. Next he says that he alleged that the actions violated the Fourth Amendment because they were unreasonable. Again, that's a bare legal conclusion. That's not a factual allegation that the court could credit. And the third is simply that the officers threatened to take him to jail and they threatened to coerce him. But again, we have his allegation of the complaint. So that's really the only relevant allegation in the entirety of the complaint that addresses the objective reasonableness standard that the district court and then this court is supposed to apply. And the issue is we have that allegation, but then we also have the body cam videos and they supplement each other. He says that he was threatened and we look at the details of that, the context of that. Because in these cases, consent and voluntariness, they are fact-intensive inquiries. And so you need the full context and you need to understand what happened. As counsel pointed out, tone is important and something that is difficult to convey without watching the video itself. If the court doesn't have any other questions, we would ask that the court affirm. Thank you. And I can't remember if there's any rebuttal. I really just have two points I'd like to make on rebuttal, Your Honors. Counsel pointed to, and again in the briefing, cited the Bell case out of the Sixth Circuit and again referred to it today. The court, the Sixth Circuit in May decided Hodges v. City of Grand Rapids and clarified what it meant under Bell and the Bell standard that the city relies on. The court in that instance declined to consider the body cam videos on a motion dismissed noting that it was improper to do so unless the video evidence blatantly contradicts or utterly discredits the plaintiff's allegations. And the court said specifically, plaintiffs are not required to allege every fact that the court might glean from available video evidence in order to survive a motion dismissed. The officers cannot escape this fundamental rule by arguing that the video shows a more complete picture of the events in the complaint. That is an argument for summary judgment or trial. On a motion dismissed, the question is about plausibility. And Mr. Cooperstein in his complaint, perhaps not directly, perhaps not clearly, perhaps not well enough, identified critical elements of a Fourth Amendment claim. That the officers were aggressive in tone, that they threatened him with arrest. That is enough to convey that he did not voluntarily consent to them then taking his property. In addition to... Did he maintain a challenge to the validity of the consent in the district court? And let me ask this differently. It seems to me that in district court you made a different consent argument than the one you're making on appeal. That on appeal, it's more about the scope of consent and the district court was more about the validity of consent. I think that he did contest consent and he argued that because he was threatened, he was not consenting voluntarily to the search. He felt that he was going to be arrested on no basis, but he felt that he was going to be arrested and therefore felt that he had allowed them to take the property. It was not an instance where he was able to speak to the officers, that they were listening to him, taking his side of the story, and availing themselves of that information. They were aggressive in tone, they were dismissive, and he thought he had to concede because they were going to arrest him. Thank you, Your Honor. Thank you. We will take this matter under advisement. Thank you for your argument.